Harry Noorigian
vs.  No. 86264.
Abraham Greenfield, Appt.

July 1, 1931.

FROST, J. This is an action of trespass and ejectment brought to recover possession of a cottage located at 62 Spicer street in the City of Providence. It was tried to the Court sitting without a jury.

It appeared that Greenfield was a tenant of the Diamond Land Company, the owner of the property; that the plaintiff was the owner of a second

mortgage thereon; that he foreclosed the mortgage owned by him, receiving a deed which is dated the 30th day of April, 1931, and which was recorded the following day. On the same day that the property was deeded to Noorigian he gave notice in writing to Greenfield to vacate the premises on or before the seventh day of May, A. D. 1931. The notice is signed, "Harry A. Noorigian By Jasper Rustigian Attorney." It nowhere states how the "undersigned" became entitled to give a notice to the tenant nor does it assert that Noorigian is the owner of the premises or the landlord of the tenant.

The testimony does not reveal that Greenfield knew that Noorigian had acquired the property nor was Noorigian's deed on record when the notice to quit was served upon Greenfield. Upon these facts the defendant contended that the notice was insufficient. The Court thinks this contention is sound.

As far as appears from the evidence Greenfield was occupying the premises as of right. Upon the foreclosure sale his relation to Noorigian was that of a tenant by sufferance.

*Johnson* vs. *Donaldson*, 17 R. I. 107.

General Laws of R. I. 1923, Chapter 385, Section 1, provides: "Tenants of lands or tenements at will or by sufferance shall quit upon notice in writing from the landlord at the day named therein."

Greenfield never attorned as a tenant to Noorigian. Under all the circumstances as stated the Court thinks a fair interpretation of the statute is that in the absence of knowledge on the part of Greenfield that a conveyance of the premises had been made to Noorigian, a notice to quit from the latter should contain an assertion of the right to give a notice either by setting out the fact that he received a conveyance of the property or at least by claiming to be either owner or landlord. As the notice stands there is nothing to differentiate it from a notice that might be given by a stranger having no right.

Taylor in Landlord and Tenant, 9th Edit., Vol. 2, p. 67, Section 480, says: "A notice to quit must be such that the tenant may safely act on it at the time of receiving it."

To the same effect is Underhill on Landlord and Tenant, Vol. 1, p. 168, Section 119.

The language of our Court in *Leite* vs. *Croveiro*, 36 R. I. 62 at 64 is applicable: "In the case at bar the notice itself does not contain anything showing it emanated from the landlord, who is the only person, under the statute, qualified to give an effective notice."

That the need exists of acquainting the tenant with the fact that the ownership of the property occupied has changed hands, appears from the language used in *Kenny* vs. *Sweeney*, 14 R. I. 581, where the Court says, "After the death of Edward P. Knowles, the estate was conveyed by Edward R. Knowles to the plaintiff, the defendant still remaining in possession, and due notice was given to the defendant by the plaintiff of her title and to quit the premises."

The Court thinks that the Rhode Island cases submitted by the plaintiff are not in point since it is apparent from the opinion in each that the defendant had attorned to the plaintiff prior to receiving a notice to quit.

The Court, therefore, finds in the instant case that the notice to quit was insufficient and gives decision for the defendant.

For plaintiff: Jasper Rustigian.

For defendant: Mortimer G. Cummings.